IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JASON DAN DECKER, #202520            )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )     CASE NO. 2:20-CV-937-RAH-KFP
                                      )
ALABAMA DEPARTMENT OF                 )
CORRECTIONS, et al.,                  )
                                      )
        Defendants.                   )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Jason Decker filed this pro se 42 U.S.C. § 1983 action on November 13, 2020. After reviewing the Complaint and finding deficiencies with the Complaint, the Court determined that Plaintiff should be provided an opportunity to file an amended complaint to correct the deficiencies. On December 10, 2020, the Court entered a detailed Order explaining the deficiencies in the Complaint and providing Plaintiff with specific instructions regarding the filing of an amended complaint. Doc. 4. Plaintiff was warned that his failure to comply with the Order would result in dismissal of this case. *Id.* On February 18, 2021, the undersigned extended the deadline for the filing of the amended complaint to March 18, 2021. Doc. 6. To date, Plaintiff has not filed an amended complaint, and the time for doing so has long expired.

Because of this failure to comply, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion

when a litigant has been forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that by **March 29, 2022**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

 DONE this 15th day of March, 2022.


     /s/ Kelly Fitzgerald Pate
     KELLY FITZGERALD PATE
     UNITED STATES MAGISTRATE JUDGE